UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAVON MOORE, SUCCESSOR TRUSTEE, CLARENCE M. MOORE AND LAURA P. MOORE TRUST, | CASE NO. 5:19CV1750 |
| | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| HIRAM TOWNSHIP, et al., | |
| Defendant. | |

This matter is before the Court on a motion for judgment on the pleadings filed by Defendants Hiram Township, Gary Bott, Thomas Franek, Richard Gano, Janet Pancost, and "DOES 1-10" (collectively, "Defendants") on October 24, 2019. ECF Dkt. #17. Defendants seek dismissal of all of the claims alleged in the complaint by Plaintiff successor trustee of the Moore Trust ("Plaintiff[1]"). *Id.* For the following reasons, the Court GRANTS Defendants' motion for judgment on the pleadings (ECF Dkt. #17) and DISMISSES this case in its entirety WITH PREJUDICE.

**I.      STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d

---

[1] As in the complaint, the Court will also use the term "Moore" or "Moore family" as well as Plaintiff interchangeably to describe the Clarence M. Moore and Laura P. Moore Ohio trust as well as the current and ancestral family unit that has owned and maintained the relevant property located in Portage County, Ohio that is in dispute. *See* ECF Dkt. #1 at 1 ¶1.

1

718, 722 (6th Cir. 2010); *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465-66 (6th Cir. 2017); *Boulger v. Woods*, 917 F.3d 471, 478 (6th Cir. 2019). A motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012) (quoting *JPMorgan Chase Bank, N.A., v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

"[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Generally, a court must convert a party's motion for judgment on the pleadings to a motion for summary judgment if matters that are outside of the pleadings are presented to and not excluded by the court. Fed. R. Civ. P. 12(d). However, in addition to the pleadings, federal courts may also consider the following without converting the motion into one for summary judgment:

> (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.

*Dudek v. Thomas & Thomas Attorneys & Counselors at Law*, LLC, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010); *see, e.g.*, *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009); *New England Health Care Emps. Pension Fund v. Ernst & Young*, LLP, 336 F.3d 495, 501 (6th Cir.2003); *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir.2008) (noting that "matters of public record" may be taken into account when considering Rule 12(c) motion for judgment on the pleadings) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *see also*

Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Court records are public records, and, therefore, the court may consider them. *See Dudek*, LLC, 702 F. Supp. 2d at 832 ("[C]ourt filings are admissible as public records."). Alternatively, the Court may take judicial notice of the existence of the prior proceedings because it is not subject to reasonable dispute over its authenticity, but judicial notice is not appropriate for the truth of the facts stated therein. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *see New England Health Care Emps. Pension Fund v. Ernst & Young*, LLP, 336 F.3d 495, 501 (6th Cir.2003) (finding that the court could consider a prior complaint when ruling on a motion to dismiss because "such materials are public records or are otherwise appropriate for the taking of judicial notice")). The undersigned chooses to consider the prior state court proceedings as matters of public record.

## II.     FACTUAL AND PROCEDURAL HISTORY

Because the Court must test the sufficiency of Plaintiff's claims, all disputed facts are taken from Plaintiff's complaint. ECF Dkt. #1. Plaintiff's allegations are also taken as true. Where necessary, the undersigned supplements the recitation of the facts from the administrative appeal documents, attached as exhibits to Defendants' motion for judgment on the pleadings (ECF Dkt. #17).

### A.     The Moore Property and Far View Airport

The dispute in this case concerns the use of ultralight aircrafts and hang gliders at the Far View Airport, a small airport located on Plaintiff's trust property in Portage County, Ohio. The

4

Moore family has operated the airport since 1948. ECF Dkt. #1 at 3 ¶¶13–14. The Township enacted a Zoning Resolution in or around 1951, which zoned the property as Rural-Residential and which rendered the airport a nonconforming use. *Id.* at 3–4 ¶17–21. "In recent years," use of ultralight aircraft and hang-gliders began at the airport. *Id.* at 3 ¶14. However, this resulted in nuisance complaints. *Id.* at 3 ¶28. Plaintiff alleges that the Defendants erroneously informed Moore that a certificate of nonconforming use was required to continue the airport's nonconforming use. *Id.* at 4 ¶¶ 25–27. Moore requested a certificate more than once and was eventually directed to apply to the Board of Zoning Appeals ("BZA"). *Id.* at 5 ¶¶ 28–34.

**B.     Board of Zoning Appeals Hearing and Meeting**

On September 28, 2016, the BZA conducted a public hearing for the purpose of determining whether to issue a certificate of nonconforming use to Moore. ECF Dkt. #1 at 5–6 ¶37. At the conclusion of the hearing, the BZA granted Moore a certificate but imposed several conditions on the nonconforming use, including: (a) only Moore family members are permitted to operate aircraft at the airport; (b) aircraft powered by engines used at the airport must be owned by the Moore family; (c) "engineless" aircraft may be operated by any person, provided the aircraft is towed or lifted into the air by a Moore family member in a Moore family owned aircraft; (d) no exchange of money, goods, services, barter or donations is permitted as related to the airport; and (e) the use of the airport must "abide by" the terms of a certain 2004 Agricultural Easement. *Id.* at 6–7 ¶42; ECF Dkt. #1-9.

On October 19, 2016, the BZA held a regular private business meeting to journalize the meeting minutes from the September 28, 2016 hearing. ECF Dkt. #1 at 7 ¶45–46. The BZA voted affirmatively to issue a conditional certificate and journalized the same by signature. *Id.* at 8 ¶51.

### C.     **Administrative Appeal to the Portage County Common Pleas Court**

Pursuant to R.C. 2506.01 *et seq.*, Plaintiff appealed the BZA's decision to the Portage County Common Pleas Court in the administrative appeal litigation on November 16, 2016. *See* ECF Dkt. #17-1 at 2; #17-3. In her appeal, Plaintiff argued: (1) the BZA erred by not issuing Moore a certificate of nonconforming use per R.C. 519.19 and Art. VII, Sec. 701-1(I) of the Hiram Township Zoning Resolution; (2) The Township exceeded its authority pursuant to R.C. 519.12 and the Zoning Resolution by placing conditions on Moore's nonconforming use certificate and thus the BZA's actions were illegal, arbitrary, capricious, unreasonable, and unconstitutional; (3) the BZA violated Ohio law by placing conditions on Moore's nonconforming use certificate that effectively bars the use from continuing if the airport is sold or transferred; and (4) the Township erred by not following its procedures for issuing a nonconforming use certificate. ECF Dkt. #17-3 at 13, 15, 17–18.

Following briefing, the trial court issued a Judgment Entry on July 21, 2017, wherein the Court affirmed in part and modified in part the administrative decision. ECF Dkt. #17-1. The trial court issued a determination as to the facts of the case and determined that the BZA properly issued the certificate, although the trial court modified the conditions based on the record. *Id.*

### D.     **Eleventh District Court of Appeals**

Both Plaintiff and Hiram Township appealed the trial court's Judgment Entry to the Ohio Eleventh District Court of Appeals. ECF Dkt. #17 at 7. The administrative appeal, as well as the subsequent appeal to the Eleventh District Court of Appeals, will hereafter collectively be referred to as the "Underlying Action." The Township appealed the trial court's Judgment Entry on grounds that: (1) the trial court abused its discretion in holding that ultralight and hang gliding use is a lawful nonconforming use of the airport; and (2) the trial court's holding that reasonable fees may be

charged for "light aircraft" use of the property is against the manifest weight of the evidence and it is also an abuse of discretion for the trial court to set aside the BZA's condition that prohibits compensation being paid to use the airport. ECF Dkt. #17-4 at 32, 38; #17-2 at 3. Plaintiff appealed the Judgment Entry on grounds that: (1) the trial court's decision unlawfully placed restrictions on the certificate of nonconforming use; and (2) the trial court erred in holding that the BZA was authorized to decide that large scale use of the airport for ultralight and hang gliders was a nuisance. ECF Dkt. #17-4 at 19, 29; #17-2 at 3.

Following briefing and oral argument, the Eleventh District Court of Appeals issued its Opinion on December 21, 2018, wherein it affirmed the trial court's Judgement Entry in its entirety. ECF Dkt. #17-2. The Court of Appeals opinion specifically noted that the property rights at issue necessarily raised matters of due process. *Id.* at 9. Neither Hiram Township nor the Moore family made an effort to appeal to the Ohio Supreme Court, and the time for any such appeal has expired. *See* S.Ct. Prac. R 7.01(A)(1) (requiring appellant to file a notice of appeal in the Supreme Court of Ohio within 45 days from the entry of the judgment being appealed).

### E.     Federal Litigation

Plaintiff first filed a complaint in this Court on October 18, 2018 in Case No. 5:18-CV-02413. Plaintiff requested to voluntarily dismiss her case without prejudice. *See* Case No. 5:18-CV-02413, ECF Dkt. #22. This Court granted Plaintiff's motion for voluntary dismissal without prejudice, but on the condition that Plaintiff, if she chooses to re-file, must file a new complaint as to claims in the instant case against the same Defendants within 90 days of this Court's May 3, 2019 order. *See* Case No. 5:18-CV-02413, ECF Dkt. #s 25, 26.

Subsequently, Plaintiff re-filed the instant lawsuit on August 1, 2019. ECF Dkt. #1. The

plaintiff's re-filed complaint is identical to the original, but it added a "claim" for punitive damages. The instant claims alleged in the complaint are: (1) violation of procedural due process rights under 42 U.S.C. §1983 for allegedly not pursuing the proper process for issuing a certificate of nonconforming use, (2) violation of substantive due process rights under 42 U.S.C. §1983 for allegedly unlawfully restricting the plaintiff's use of her property, and (3) violation of equal protection rights under 42 U.S.C. §1983 for allegedly not requiring other similarly situated landowners to apply for a certificate of nonconforming use; and (4) punitive damages. ECF Dkt. #1. Defendants filed an Answer on September 22, 2019. ECF Dkt. #12.

On September 25, 2019, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #13. Defendants filed the instant motion for judgment on the pleadings with exhibit attachments on October 24, 2019. ECF Dkt. #17. On November 22, 2019, Plaintiff filed an opposition to Defendants' motion for judgment on the pleadings. ECF Dkt. #21. Defendants filed a reply on December 6, 2019. ECF Dkt. #22.

### III.   LAW AND ANALYSIS

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816–17 (6th Cir. 2010) (citing *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir.2007)); *Carroll v. City of Cleveland*, 522 Fed.Appx. 299, 303 (6th Cir. 2013) (internal citations omitted). This is a question of state law, and this Court must apply Ohio's laws governing res judicata. *Carroll*, 522 Fed.Appx. at 303; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[T]he preclusive effect in federal court of petitioner's state-court judgment is determined by Ohio law."). In addition, "[t]he party asserting the defense of res judicata bears the burden of proof." *Winget v.*

*JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008).

In Ohio, res judicata consists of both claim preclusion and issue preclusion. *Carroll*, 522 Fed.Appx. at 303 (citing *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995)). The Sixth Circuit has recognized that under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (quoting *Grava*, 653 N.E.2d at 229). From the holding in *Grava*, the Sixth Circuit distilled four elements of res judicata:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction;
> 
> (2) a second action involving the same parties, or their privies, as the first;
> 
> (3) a second action raising claims that were or could have been litigated in the first action; and
> 
> (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Carroll*, 522 Fed.Appx. at 303 (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Defendant argues that Plaintiff's complaint is barred by the doctrine of res judicata. First, Defendant avers that claim preclusion bars Plaintiff from re-litigating the claims from the Underlying Action and any claims she *could have raised* in such action. Second, Defendant contends that issue preclusion bars Plaintiff from challenging the state trial court's determination as to the parameters of the nonconforming use certificate. ECF Dkt. #17 at 11. Since the Court finds that claim preclusion precludes all of Plaintiff's claims, the Court need not address issue preclusion.

Plaintiff challenges Defendant on several grounds. First, Plaintiff avers that claim preclusion does not bar her §1983 claims because: (1) the BZA Defendants and Inspector Gano were not parties to the Underlying Action and could not have been joined as parties since it was a R.C. §2506 appeal;

(2) the §1983 claims were not litigated and could not have been litigated in the Underlying Action; and (3) the §1983 claims were never fully adjudicated with a "final decision on the merits." ECF Dkt. #21 at 4–10. Plaintiff also argues that issue preclusion does not apply to her §1983 claims for the same reasons as above. *Id.* at 10–1.

The Court will discuss each element of res judicata. First, the Court finds that the fourth element of res judicata is met: this action arises out of the same transaction or occurrence that was the subject matter of the Underlying Action. Both actions concern the zoning of the airport and the certificate of non-conforming use. Notably, Plaintiff affirmatively contests all elements of res judicata except for the fourth element. *See* ECF Dkt. #21.

The Court finds that the second element of res judicata is met: this action involves the same parties, or their privies, as the Underlying Action. As an initial matter, Plaintiff, the Moore family trust, was a party to the Underlying Action, although represented by a different successor trustee. *See* ECF Dkt. #s 17-1, 17-2. The parties do not contest that Plaintiff was a party to the earlier suit.

Further, Plaintiff takes issue with the fact that the Underlying Action was a R.C. §2506 administrative appeal, which prevented her from joining the BZA members and Inspector Gano in the Underlying Action. ECF Dkt. #21 at 5. R.C. §2506.01 provides that: "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas." The Supreme Court of Ohio stated that a 2506 appeal concerns only the constitutional issues of a proposed specific use and does not concern an objective determination of the overall constitutionality of a zoning ordinance. *Karches v. City of Cincinnati*, 526 N.E.2d 1350, 1355 (Ohio 1988).

The face of the statute, however, is unclear about who a properly named defendant would be, although it suggests the defendant may be either the "officer or body from which the appeal is taken," or the "political subdivision." *See* R.C. §§ 2506.02, 2506.05(A)(1) & (C). Courts in Ohio have heard cases in which a plaintiff filed an administrative appeal to the Common Pleas Court, naming the BZA and its five members as defendants. *E.g.*, *A. Di Cillo & Sons v. Chester Zoning Bd. of Appeals*, 109 N.E.2d 8, 9 (Ohio 1952). *Contra Genesis Outdoor Advert., Inc. v. Troy Twp. Bd. of Zoning Appeals*, 2003-Ohio-3692, 2003 WL 21638288, at *3 ¶¶22–23 (affirming trial court's decision that BZA [or hypothetically any of its members] was not a proper party because "the proper party to name as the [defendant] would have been the zoning inspector or the township trustees."). Another Ohio Court of Appeals stated that, technically, a zoning commission is not a proper party, but rather the municipality or a representative of the commission would be a proper party. *Russell v. City of Dublin Planning & Zoning Comm.*, 2007-Ohio-498, 2007 WL 351418, at *4 ¶ 19 (Ohio Ct. App. 2007). Despite this technicality, that court found that "failure to specifically name the city as an appellee does not invalidate the appeal or the trial court's jurisdiction," and "[a]n appeal to the court of common pleas from the order of the [BZA] which names the [BZA] as the adverse party instead of the more technically correct zoning inspector or the municipality is regarded as properly perfected…" *Id.* Ultimately, whether or not Plaintiff could have properly joined the BZA members and Inspector Gano in the Underlying Action is not determinative because res judicata also allows for privity of parties.

Generally, "privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*." *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). Privity may exist when there is a "mutuality

of interest, including an identity of desired result." *Id.* (finding privity for taxpayers and residents of a city that was a party to a prior suit). Mutuality only exists if "the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of res judicata or collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (citing *Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.*, 431 N.E.2d 672 (Ohio 1982)); *ABS Indus., Inc. ex rel. ABS Litig. Tr. v. Fifth Third Bank*, 333 Fed.Appx. 994, 999 (6th Cir. 2009) (same, citing *O'Nesti*, 862 N.E.2d at 806). Privity has also been defined in Ohio as "such an identification of interest of one person with another as to represent the same legal right." *ABS Indus.*, 333 Fed.Appx. at 999 (citing *Elec. Enlightenment, Inc. v. Kirsch*, No. 23916, 2008 WL 2814327, at *2 (Ohio Ct.App. July 23, 2008)).

"Ohio courts have held that a government official who is sued in his or her official capacity is in privity with the governmental entity." *Denton v. Bedinghaus*, 2002-Ohio-3273, 2002 WL 1393563, at *4 ¶ 16 (Ohio Ct. App. 2002), *aff'd sub nom. State ex rel. Denton v. Bedinghaus*, 784 N.E.2d 99 (Ohio 2003); *see Trautwein v. Sorgenfrei*, 391 N.E.2d 326 (Ohio 1979) (finding privity between named-defendants, public officials, and the city who was the real party in interest in suit alleging property damage due to alleged negligent performance of official duties by city sewer employees). Privity, in the context of res judicata, does not require a contractual relationship. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). The Sixth Circuit has noted that it is well settled in Ohio "that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship." *ABS Indus., Inc. ex rel. ABS Litig. Tr. v. Fifth Third Bank*, 333 Fed.Appx. 994, 999 (6th Cir. 2009). The Ohio Supreme Court has also

conclusively determined that merely naming an official in his or her individual capacity is not sufficient to overcome res judicata: "[W]hen a party is sued as an individual for actions taken solely in her official role, res judicata may not be circumvented." *Kirkhart*, 805 N.E.2d at 1093 (defining privity between two defendants to be established when "a plaintiff brings two lawsuits against the same public officials for acts performed in their official roles, even though the defendants were sued in their official capacities in one lawsuit and in their individual capacities in the other"). This is to prevent a party from being able to "escape the rule of *res judicata* through expansive pleading." *Id.*

According to the attached exhibits, only Hiram Township was named as a defendant in the Underlying Action. In the instant action, Plaintiff is suing not only the Township, but also members of the Township's BZA: Janet Pancost, Gary Bott, and Thomas Franek. ECF Dkt. #1 at 2 ¶3. Plaintiff is also suing the Zoning Inspector for the Township, Richard Gano, and "DOES 1-10," who are additional employees, agents, or elected officials of the Township during the relevant time period who Plaintiff alleges may have directly or indirectly violated Moore's rights. *Id.* at 2 ¶¶4–5.

Although not clear from the face of the pleadings, the individually-named defendants appear to be sued in their official capacities and concerning their official duties. Confusingly, Plaintiff, in her merits brief, in a separate section regarding judicial immunity, states that "the Complaint clearly identifies the BZA Defendants as individuals acting under the color of law." ECF Dkt. #21 at 13. She also states that "the Complaint clearly alleges that the actions of the BZA Defendants were not authorized official acts within their scope of employment." *Id.* However, Plaintiff also states that "there is nothing in the Complaint indicating that [Plaintiff] is suing the BZA Defendants in their official capacity for acts done within their official capacity." *Id. But see id.* at 21 ("Moore's current §1983 claim is a lawsuit alleging specific conduct *by persons acting under the color of Ohio law* to

13

deprive Moore of their constitutional rights.") (emphasis added). Defendant points out this circular argument, noting that Plaintiff "attempts to claim both that the BZA members were acting under the color of law, as is necessary for a §1983 claim, while also claiming the BZA members were not actually acting within their authority as BZA members." ECF Dkt. #22 at 9. Nevertheless, the Court finds that there is a mutuality of interest, including an identity of desired result, between the Township and the individually-named defendants in this case. The BZA members, Inspector Gano, and the DOES 1-10 employees were acting in their official capacities when they held a hearing and made a determination as to Moore's certificate of nonconforming use. As such, the Court finds that there is privity for res judicata purposes. *See Stotts v. Pierson*, 976 F. Supp. 2d 948, 962 (S.D. Ohio 2013) (noting that it was undisputed that the city and the BZA members, in their official capacities, were privies of the BZA for purposes of res judicata).

Next, the Court finds that the third element of res judicata is met: the instant action raises claims that could have been litigated in the Underlying Action. Res judicata requires a plaintiff to advance all theories under every ground for relief in the first action, or be forever barred from asserting it. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000); *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995); *Natl. Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) ("It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'") (quoting *Rogers v. Whitehall*, 494 N.E.2d 1387, 1388 (Ohio 1986) (emphasis added)). This includes constitutional claims, such as claims under §1983, as applied to Plaintiff's specific proposed use in her 2506 appeal. *See Carroll v. City of Cleveland*, 522 Fed.Appx. 299, 305–06 (6th Cir. 2013) ("[A] plaintiff pursuing an administrative appeal in Ohio need not limit herself to

14

administrative claims. Rather, she may seek relief under both § 2506 and federal statutory law, as long as she follows the proper procedures."); *see also Karches v. City of Cincinnati*, 526 N.E.2d 1350, 1355 (Ohio 1988); *Bench Billboard Co. v. Cincinnati*, 62 N.E.3d 603, 607–08 (Ohio Ct. App. 2016); *Wingard v. City of Stow*, No. 13255, 1988 WL 37649, at *2 (Ohio Ct. App. Apr. 6, 1988) (unreported), *cause dismissed sub nom. Wingard v. Stow*, 532 N.E.2d 1317 (Ohio 1988) (concluding "that the issue of the constitutionality of the Zoning Ordinance as it applies to Wingard's proposed use was or could have been raised in the appeal and accordingly, *res judicata* applies."); *Indep. Excavating, Inc. v. City of Twinsburg*, 2002-Ohio-4526, 2002 WL 2009464, at *7 ¶¶44–45 (Ohio Ct. App. Sept. 4, 2002) (finding that an allegation that a city's former zoning ordinance was unconstitutional was precluded by res judicata because it *could have been raised* in the prior action).

In *Karches*, the complaint dealt with a declaratory judgment action to challenge the constitutionality of a zoning ordinance. 526 N.E.2d at 1354. The Supreme Court of Ohio distinguished two types of relevant actions: a declaratory judgment action and an appeal from a final administrative decision filed under R.C. §2506. *Id.* It clarified that a declaratory judgment action challenges the overall constitutionality of an existing zoning ordinance, and it has requirements for such claims to be ripe. *Id.* at 1354–55. In contrast, a 2506 appeal is a review of a final administrative decision denying a variance to a property owner. *Id.* at 1354. Unlike a declaratory judgment action, the trial court in a 2506 appeal is not required to make an objective determination as to the overall constitutionality of a zoning ordinance, but it "will view the constitutional issue only in light of the proposed specific use." *Id.* at 1355. Thus, *Karches* supports the proposition that a plaintiff in a 2506 appeal may raise constitutional issues as it applies to her specific proposed use. *See also Carroll v. City of Cleveland*, 522 Fed.Appx. 299, 304 (6th Cir. 2013) (noting that the court of common pleas

15

in a 2506 appeal may determine whether an administrative order is unconstitutional).

In *Bench Billboard*, a plaintiff filed a 2506 appeal, challenging an administrative decision that his billboard permits were revocable. 62 N.E.3d 603. The plaintiff also alleged that the local ordinance pertaining to billboards violated his First Amendment right of free speech and his right to equal protection under the Fourteenth Amendment. *Id.* at 606. A magistrate judge found that the administrative decision was not unconstitutional, and the plaintiff did not object to the magistrate's treatment of its constitutional claims. *Id.* The common pleas court adopted the magistrate's decision. *Id.* Ultimately, the Court of Appeals found that the plaintiff's failure to object forfeited its constitutional claims, except to the extent that there was plain error. *Id.* at 607–08. Accordingly, *Bench Billboard* stands for the proposition that a party may bring federal constitutional claims in a 2506 appeal or otherwise risk forfeiting such claims if not brought or properly preserving them for appeal.

In the Underlying Action, Plaintiff did not bring express §1983 claims, but did allege that the certificate of nonconforming use was unconstitutional. ECF Dkt. #17-3 at 15; #21 at 6. The Common Pleas Court considered Plaintiff's allegations of unconstitutionality, and it modified the certificate after finding certain limitations in the certificate were "clearly improper." ECF Dkt. #17-1 at 3, 6. Plaintiff did not raise any constitutional issues on appeal, and the appellate court affirmed the trial court's decision. ECF Dkt. #s 17-2, 17-4. Regardless, Plaintiff could have raised further and specific constitutional issues in the Underlying Action, but failed to do so. As such, the Court finds that Plaintiff's instant claims could have been litigated in the Underlying Action for res judicata purposes.

Finally, the Court finds that the first element of res judicata is met: there was a prior final,

valid decision on the merits by a court of competent jurisdiction. Plaintiff admits that she raised constitutional issues in the Underlying Action, particularly with regard to the procedures of the Defendants in issuing the certificate of nonconforming use. ECF Dkt. #21 at 8. Plaintiff avers that the Common Pleas Court did not consider the constitutional procedural issues, and, consequently, there was not "final decision on the merits." *Id.* at 8–10. The Court disagrees.

The U.S. Supreme Court has held that res judicata bars re-litigation of unappealed adverse judgments against respondents as to their federal-law claims. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). The Court reasoned that the res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Id.* at 398; *accord Cornell v. City of Cleveland*, No. 106CV526, 2007 WL 1342529, at *4 (N.D. Ohio May 4, 2007). The Supreme Court further determined:

> A judgment merely voidable because [it was] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by direct review and not by bringing another action upon the same cause of action. We have observed that the indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert.

*Moitie*, 452 U.S. at 398–99 (internal citations and quotations omitted). In *Moitie*, the Court precluded certain plaintiffs' claims under res judicata because they did not file a direct appeal after a federal district court dismissed the case for lack of standing, and such plaintiffs instead filed a new suit in state court for the same cause of action. *Id.* at 396; *see Weinberg v. Federated Dep't Stores, Inc.*, 426 F. Supp. 880 (N.D. Cal. 1977). Also, as recognized by the Ohio Supreme Court, "[w]hether the original claim explored all the possible theories of relief is not relevant." *Brown v. City of Dayton*, 730 N.E.2d 958, 962 (Ohio 2000).

The Court of Common Pleas entered a final judgment on all matters before that court and, thus, necessarily rejected the procedural challenge. ECF Dkt. #17-1. Plaintiff, therefore, could have challenged the trial court's determination in her appeal to the Eleventh District Court of Appeals, but she did not. ECF Dkt. #17-4. Not only could Plaintiff have raised the §1983 claims in the administrative appeal, but she could have appealed the trial court's opinion for not expressly ruling on the procedural challenges that she did raise. Plaintiff is not entitled to escape res judicata by a collateral attack, and the Court finds that there was a prior final, valid decision on the merits by a court of competent jurisdiction.

In summation, all of Plaintiff's instant federal claims are barred under the doctrine of res judicata. The Court also notes that the fourth claim of relief entitled, "punitive damages" is not a claim, but rather a request for relief. ECF Dkt. #1 at 11–12 ¶¶81–85, ¶3.

## **IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for judgment on the pleadings (ECF Dkt. #17) and DISMISSES the case in its entirety WITH PREJUDICE.

IT IS SO ORDERED.

Date: January 31, 2020           /s/ *George J. Limbert*
                                 GEORGE J. LIMBERT
                                 U.S. MAGISTRATE JUDGE